**RECEIVED AUG 3 1 2021 U.S.D.C. W.P.**

19 CR 81

**MEMO ENDORSED**

August 30, 2021

Messiah Anderson
Reg. No. 86582-054
Federal Correctional Institution
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

Judge Kenneth M. Karas
300 Quarropas Street
White Plains, New York 10601

RE: Compassionate Release Motion - Change in circumstances

Dear Judge Karas

The Compassionate Release motion has been fully briefed. Due to the urgency of the matter I would like to update the court on a recent change in circumstances since I originally filed my Motion for Compassionate Release. The Delta variant has reached Fort Dix. Staff have reported cases in building 5703, which is across from where I am housed in building 5702. What is alarming is that staff have been rotating between buildings 5702 and 5703 daily.

Effective Monday August 23, 2021, the Bureau of Prisons have implemented new COVID-19 operation levels in consideration of recently published CDC guidance for Correctional Institutions. The COVID operational levels are based upon a color-coded tiered approach which addresses infection control measures, inmate programming, service needs, movement, staff screening and testing guidance. This tiered approach utilizes three indicates for each institution to determine a modified operation level.

The three indicates utilized are; (1) medical isolation rate within the institution (active cases) (2) Facility vaccination rates (includes staff and inmates) and (3) Community transmission rates in the surrounding communities of our institutions. A percentage based formula is applied to these three indications and determining the level of modified operations; those levels are: Level 1 Operations minimum Modifications (community referred to as Green) Level 2 operations Moderate Modifications (commonly referred to as Yellow) and Level 3 operations - Intense modifications (commonly referred to as Red).

FCI Fort Dix has been operating on Red since implementation of this new system, that is due in part, because of the active cases inside the facility and the community transmission rate being high.

In spite of Level 3 operations (Red) Fort Dix staff has adopted a relax attitude on mask wearing and have not taken the necessary precautions to deter the spread of the virus. Visits are still operational and the Units are not isolated from each other. Most importantly staff is being rotated between the infected units and units free from infection. Its not a matter of if, its a matter of when, as another full scale outbreak is imminent.

I would also like the Court to consider, throughout this pandemic, courts have released inmates with remaining years and percentages on their sentences comparable to and in excess to the remaining portion of my sentence! See example /US v Valencia NO. IS-CR-163, 2020 WL 2319323 (S.D.N.Y. May 11,2020) (hypertension and heart disease; FCI Dandbury; roughly 3 years remaining on initial 10 year sentence (30%) and some period remaining until projected release date (30%)); US v Delgado, NO. 18-CR-17, 2020 WL 2464685 (D.Conn Apr 30,2020) (Obesity and sleep apnea; FCI Danbury; roughly 7.5 years remaining on initial 10 year sentence (75%) and some period remaining until projected release date(75%)). Williams-Rothea, 2020 WL 2848098 (age 50, hypertension and obesity; FCI Danbury; 29 months remaining on initial 40 month sentence (73%) and 23 months until projected release date (68%). US v Rountree 460 F.Supp 3d 224 (2nd Cir 2020 Sentenced to 188 months only served about 85 months of his sentence (Diabetes & Hypertension).

Also see, US v Brannon, 2020 WL 1698392, at *1 SD Tex, Apr 2, 2020. Release of defendant who had only served 9 months of a 36 month sentence for Fraud, based on "extraordinary and compelling circumstances". US v. Echevarria, 2020 WL 2113604, at *3 (D. Cunn., May 4, 2020). Defendant had asthma, 9 months into 48 month sentence, Despite "substantial criminal record" Strong pretrial adjustment and "substantial rehabilitation efforts" prior to imposition of the sentence.

With these changes in circumstances in mind, I humbly request this Court grant the motion for Compassionate Release and Order I be placed on home confinement for the remainder of my sentence before the Delta Variant has the opportunity to spread throughout the facility.

RESPECTFULLY SUBMITTED,
BY DEFENDANT, PRO SE

*Merrick Anderson*

Application for compassionate release, pursuant to 18 U.S.C. Section 3582(c), is denied. Assuming that Mr. Anderson has exhausted his administrative remedies, which the Government questions, the application fails on the merits. First, Mr. Anderson concedes that he has been vaccinated. The literature establishes that the vaccines currently being distributed in the United States are highly effective against severe illness, hospitalization, and death. While some breakthrough cases have been reported, the vast, vast majority of those hospitalized and dying from COVID are unvaccinated. Second, even if Mr. Anderson established extraordinary and compelling circumstances, due to his health issues (which do not include him being in the highest risk age bracket), consideration of the Section 3553(a) factors argues strongly against early release. Mr. Anderson's criminal conduct was serious, thus explaining why he was sentenced to 30 months' imprisonment. Yet, granting the release now would mean that he would have served only about a quarter of that sentence. Such an early release would seriously undermine both respect for the law and general deterrence. Thus, for these reasons, the application is denied. The Government is to mail this memo endorsement to Mr. Anderson and certify this was done in a filing by 9/13/21.

So Ordered.

9/8/21